UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTAR ELECTRONICS, INC.,
etc.

       Plaintiff,

v.                               CASE No. 8:10-CV-1516-T-30TGW

HONEYWELL INT'L, INC., etc.

       Defendant.

_____

ORDER

THIS CAUSE came on for consideration upon Allstar Electronics Inc.'s Motion to Compel Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45 (Doc. 44), the respondent's memorandum in opposition to the motion (Doc. 51), and the parties' supplemental memoranda (Docs. 61, 63). Plaintiff Allstar seeks an Order compelling its former counsel in this case, Brennan, Manna & Diamond, LLC ("the respondent"), to produce its litigation file and personal property the plaintiff provided to respondent in connection with this lawsuit.

I.

The plaintiff retained the respondent law firm in Spring 2010 to pursue a collection action against the defendant (Doc. 51, p. 1). On March 30, 2011, the plaintiff informed the respondent that it had retained new counsel (id., p. 2).[1] In response to the plaintiff's request for the litigation file, the respondent told the plaintiff that it was asserting a retaining lien on the plaintiff's file due to unpaid attorney's fees and costs (Doc. 51-2).

In July 2011, the plaintiff served the respondent with a subpoena *duces tecum* seeking, among other things, production of the litigation file and its personal property (Doc. 44-1, 44-2). The respondent objected to the subpoena *duces tecum* on several grounds, including that the plaintiff may not avoid the retaining lien with a subpoena (Doc. 44-3).

The plaintiff then filed this Motion to Compel (Doc. 44) arguing, among other things, that the respondent did not assert a "basis (legal or factual) to quash the subpoena *duces tecum* for any of the limited reasons set forth in Federal Rule of Civil Procedure 45(c)(3)" (id., p. 3). The respondent opposed the motion (Doc. 51). The court then heard oral

---

[1] The plaintiff later expressed in correspondence that it was dissatisfied with the respondent's legal representation (Doc. 51-5, p. 7).

argument on the motion (Doc. 59). However, because the plaintiff's motion did not address the ramifications of the respondent's retaining lien on the subpoena, the parties were permitted to file supplemental briefing on this issue (Docs. 61, 63).

II.

Rule 45 of the Federal Rules of Civil Procedure provides the framework for securing documents, electronically stored information, and tangible things by subpoena in federal cases. As indicated, the plaintiff issued to the respondent a subpoena *duces tecum* for the litigation file pursuant to Rule 45, F.R.Civ.P., to which the respondent primarily objects on the basis of its retaining lien.[2]

An attorney's retaining lien on a client's papers and files is a possessory lien that the attorney generally holds until the attorney's fee and costs have been paid, or until adequate security for payment has been posted. Andrew Hall and Associates v. Ghanem, 679 So.2d 60, 61-62 (Fla. App.

---

[2]The respondent also asserted a cursory objection on privilege grounds, arguing that it was "protect[ing the plaintiff] from an inadvertent waiver" (Doc. 51, p. 8). In this connection, the respondent states that it expects the defendant will argue the attorney-client privilege is waived if it produces the file pursuant to a subpoena. Notwithstanding, the privilege belongs to the plaintiff, and the respondent provided no legal authority suggesting otherwise. Consequently, this objection is rejected.

1996); Foor v. Huntington National Bank, 499 N.E.2d 1297, 1301 (Ohio App. 1986). Thus, "[t]he purpose of such a lien is to prevent the client from refusing to pay charges justly due." Lucky-Goldstar Int'l, Inc. v. Int'l Manufacturing Sales Co., Inc., 636 F. Supp. 1059, 1061 (N.D. Ill. 1986). It is a state common law lien recognized by Florida and Ohio (which is the state that the plaintiff asserts governs the attorney-client relationship in this case). See Andrew Hall and Associates v. Ghanem, supra; Foor v. Huntington National Bank, supra.

However, as the plaintiff points out, a retaining lien is not identified in Federal Rule of Civil Procedure 45 as a basis for objecting to a federal subpoena (Doc. 61, p. 2). Rule 45(c)(3), F.R.Civ.P. specifies that, in addition to procedural grounds such as failure to provide reasonable notice, a subpoena may be quashed if it requires disclosure of privileged or other protected matter; subjects a person to undue burden; or requires disclosure of a trade secret or other confidential research, development, or commercial information. Thus, Rule 45 does not contain language that supports the quashing of a federal subpoena on the basis of a retaining lien.

The respondent, furthermore, does not provide any legal authority suggesting otherwise. See Hesco Bastion Ltd. v. Greenberg Traurig

LLP, 2009 WL 5216932 at *3, n.4 (D.D.C. 2009)(unpub. dec.)(noting, in dicta, that "no authority supports the proposition... that [counsel's] assertion of a lien on the subpoenaed documents arising from an unpaid balance is a basis upon which [the law firm] may withhold the documents from production"). Thus, although the respondent identifies state caselaw holding that a subpoena does not invalidate a retaining lien (Doc. 63, p. 8), this authority does not state a basis under Rule 45, F.R.Civ.P., to quash a federal subpoena based on a retaining lien. In sum, the respondent has failed to identify a cognizable ground under Rule 45 which permits the court to excuse the respondent's non-compliance with the subpoena.

The policy considerations implicated in this case provide further reason to compel the respondent to comply with the subpoena *duces tecum*. Thus, the court's interest in the administration of justice is paramount, and "[t]he conflict between the withdrawn attorney and the former client should not be allowed to delay the underlying action." Lucky-Goldstar Int'l, Inc. v. Int'l Manufacturing Sales Co., Inc., supra, 636 F. Supp. at 1063; see Jernryd v. Nilsson, 117 F.R.D. 416, 417 (N.D.Ill. 1987)(rights of attorneys holding retaining liens must be balanced against the public interest, which encompasses the policies favoring unencumbered discovery proceedings and the equitable administration of justice).

Unquestionably, the retaining lien is disrupting the progression of this case. Thus, the defendant has filed a Motion to Compel numerous discovery responses (Doc. 48), to which the plaintiff responds it cannot answer because the respondent is withholding the litigation file and its property (Doc. 58, pp. 3-6). The lack of timely discovery responses, in turn, has resulted in the delay of depositions and the court-ordered mediation, and a request by the parties to extend all the case management deadlines by several months.

Thus, the defendant asserts that, without responses to the outstanding discovery requests, the depositions are premature (Doc. 49, p. 3). Furthermore, the mediation has been postponed because the defendant stated that it would be unproductive absent responses to the outstanding discovery requests (id., p. 4; Doc. 50). Moreover, both parties agree that an extension of all deadlines in this case is necessary, by at least four months, due to the lack of discovery responses (Doc. 58, p. 16). Therefore, although the respondent unquestionably has an important interest in payment for its services, because it has not asserted a cognizable ground under Rule 45, F.R.Civ.P., for resisting the subpoena *duces tecum,* and the retaining lien has

impeded the progression of this case, the respondent must comply with the subpoena *duces tecum*.[3]

It is, therefore, upon consideration,

ORDERED:

That Allstar Electronics Inc.'s Motion to Compel Compliance with Subpoena Pursuant to Federal Rule of Civil Procedure 45 (Doc. 44) be, and the same is hereby, **GRANTED to the extent** that the respondent shall produce the information responsive to the subpoena *duces tecum* within 10 days from the date of this Order.

DONE and ORDERED at Tampa, Florida, this 13th day of October, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The respondent also requests an evidentiary hearing regarding the cause for termination of its counsel and the amount of the fees (Doc. 63). Absent authority that Federal Rule of Civil Procedure 45 permits a party to resist a federal subpoena on the basis of a retaining lien, the respondent has failed to show that the court is required to involve itself in this ancillary matter, which could amount to a second litigation. Further, there is no indication in the memoranda as to the fees and costs owed, so that the respondent has not shown that the fee dispute is within the jurisdiction of this court.